PROB 12B
(12/98)

# United States District Court

For

## The Western District of New York

### Request for Modifying the Conditions or Term of Supervision
### With Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

FILED
FEB 11 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

**Name of Offender:** Sharron McCutcheon       **Case Number:** 1:18CR00208-002

**Name of Sentencing Judicial Officer:** Honorable Lawrence J. Vilardo, U.S. District Judge

**Date of Original Sentence:** October 30, 2019

**Original Offense:** Conspiracy to Possess with Intent to Distribute, and to Distribute, Cocaine Base, in violation of 21 U.S.C. §846, 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(C)

**Original Sentence:** Five (5) years of probation. Special Conditions imposed included: substance abuse testing/treatment; Location Monitoring (home detention component) for six (6) months; obtain General Education Diploma; and a search condition.

**Modification:** On January 14, 2021, Your Honor modified the defendant's conditions to include three (3) months of Location Monitoring (curfew) based on him traveling outside the district without permission.

**Modification:** On April 12, 2021, Your Honor modified the defendant's conditions to include an additional one (1) month of Location Monitoring (curfew) due to continued drug use (marijuana) and his failure to obtain employment.

**Revocation Sentence:** On September 17, 2021, the defendant's term of supervised release was revoked for failing to comply with the Location Monitoring program. He was sentenced to six (6) months imprisonment, to be followed by three (3) years supervised release. Special conditions imposed included: substance abuse testing/treatment; make an effort to obtain a General Education Diploma (GED) or complete 20 hours of community service per week if not employed or pursuing GED; and a search condition.

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** 11/23/21

## PETITIONING THE COURT

☒   To modify the conditions of supervision as follows:

*The defendant shall comply with the conditions of the Location Monitoring Program (home detention component) for a period of two (2) months. This will be monitored by a Global Positioning Satellite System and the defendant shall wear and/or carry (an) electronic monitoring device(s) and shall follow the monitoring procedures as outlined in Probation Form 61. The defendant is required to contribute to the cost of services rendered (co-payment).*

RE:   SHARRON MCCUTCHEON
      1:18CR00208-002
      Page 2 of 3

## CAUSE

Mr. McCutcheon commenced his supervised release in November 2021. During his initial reporting instructions, this officer explicitly apprised him that he must refrain from operating a motor vehicle since he does not possess a valid license. The defendant regularly engaged in this illegal conduct during his original term of supervised release. During a home contact on January 5, 2022, the defendant was reinstructed on this issue after it was learned that he was operating a Chevy Impala without a license. At that time, Mr. McCutcheon admitted he was operating the vehicle and claimed it was only to travel back and forth to work. He produced paperwork that reflected he was in the early stages of resolving his license. This officer notified him that he could face adverse Court action and new criminal charges if he chose to continue driving without a license.

On February 1, 2022, this officer received a law enforcement notification indicating Mr. McCutcheon may have had police contact on that date. On February 7, 2022, this officer spoke to Buffalo Police Officer William Miller who advised he pulled the defendant over on February 1, 2022, after noticing illegal tint on the windows of a Chevy Impala that turned onto E. Delevan Avenue in Buffalo, New York. Mr. McCutcheon was the sole occupant of the vehicle. Officer Miller indicated he only gave the defendant a warning after the defendant showed him paperwork that he was trying to obtain his license. Mr. McCutcheon failed to notify this officer of the traffic stop.

On February 9, 2022, the defendant reported to the U.S. Probation Office to complete his monthly supervision report form. He marked "no" to the question which asked if he was questioned by law enforcement within the past month. Mr. McCutcheon also noted that he was terminated from his employment, which was unbeknownst to this officer. During the office contact, the defendant was confronted regarding the traffic stop on February 1, 2022. He fabricated a story which was inconsistent with Officer's Miller's accounting of the events that took place. After listening to the defendant, this officer contacted Officer Miller again and he contradicted the defendant's statements. Mr. McCutcheon was admonished for making a false statement, driving without a license, and failing to report the law enforcement contact.

As it relates to his employment, the defendant was terminated from his job for misconduct on February 1, 2022. He also failed to notify this officer of said termination within 72 hours. The defendant provided a letter documenting the termination. Mr. McCutcheon was made aware that he must perform community service if he does not secure employment within a reasonable timeframe.

The behavior and noncompliance that the defendant is presently exhibiting mirrors that of his original term of supervision. After a lengthy conversation relating to his attitude, criminal thinking, and negative peer associations, the defendant was offered a modification to include two (2) months Location Monitoring (home detention component). Mr. McCutcheon voiced no objection to the proposed modification, as evidenced by his signature on the appended Prob 49 Waiver. At this time, it is respectfully recommended that the Court modify the defendant's conditions to address this noncompliance and to deter him from future criminal behavior.

RE:  SHARRON MCCUTCHEON
1:18CR00208-002
Page 3 of 3

Reviewed by:

*John Taberski* (signature)

John P. Taberski
Supervising U.S. Probation Officer

Respectfully submitted,

*Tammi S. Rogers* (signature)

by

Tammi S. Rogers
U.S. Probation Officer Specialist
Date: February 10, 2022

THE COURT ORDERS:

☐ No Action
☐ The Extension of Supervision as Noted Above
☒ The Modification of Conditions as Noted Above
☐ Other

_____
Signature of Judicial Officer

2-11-22
Date

PROB 49
(Revised 11/98)

# United States District Court
## Western District of New York

## Waiver of Hearing to Modify Conditions
## Of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing. I further understand that all previously imposed conditions will remain in effect.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*The defendant shall comply with the conditions of the Location Monitoring Program (home detention component) for a period of two (2) months. This will be monitored by a Global Positioning Satellite System and the defendant shall wear and/or carry (an) electronic monitoring device(s) and shall follow the monitoring procedures as outlined in Probation Form 61. The defendant is required to contribute to the cost of services rendered (co-payment).*

Witness: _____
Tammi S. Rogers
U.S. Probation Officer Specialist

Signed: _____
Sharron McCutcheon
Supervised Releasee

2-9-22
Date